# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE FRANCISCO ROJAS-CARRILLO, | Case No. 1:26-cv-03211-KES-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING |
| v. | |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al., | |
| Respondents. | |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a citizen of Mexico who entered the United States on an unknown date and at an unknown location. (ECF No. 10-1 at 2, 3.[1]) On October 20, 2021, Petitioner's mother filed an I-918A petition for qualifying family member of U-1 recipient with U.S. Citizenship and Immigration Services ("USCIS"). USCIS denied the petition on December 10, 2025. On July 9, 2025, Petitioner was convicted of second-degree assault and sentenced to 180 days incarceration and two years probation. On December 16, 2025, Petitioner was arrested for a probation violation. On February 18, 2026, Petitioner was sentenced to time served. (Id. at 3.) Upon

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

Petitioner's release on February 18, 2026, Enforcement and Removal Operations ("ERO") officers took Petitioner into custody. (ECF No. 10-1 at 2.)

On April 27, 2026, Petitioner filed a petition for writ of habeas corpus challenging his immigration detention. (ECF No. 1.) No. 7 at 1.) On June 27, 2026, Respondents filed a response to the petition. (ECF No. 10.)

**II.**

**DISCUSSION**

The Court finds that issuance of findings and recommendation is appropriate without waiting for Petitioner to file a reply to Respondents' response.

Respondents contend that "Petitioner is an 'applicant for admission' who is subject to mandatory detention" under 8 U.S.C. § 1225(b)(2). (ECF No. 10 at 1.) Such arguments have been rejected by this Court in numerous previous decisions. See, e.g., Crispin M.C. v. Noem, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); J.A.C.P. v. Wofford, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); Lepe v. Andrews, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions set forth above, the Court recommends finding that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b) and is entitled to a bond hearing. See Salinas Bravo v. Warden, No. 1:26-CV-02664-KES-SAB (HC), 2026 WL 1050095 (E.D. Cal. Apr. 16, 2026) (ordering bond hearing for petitioner with criminal history); Perez v. Chestnut, No. 1:26-CV-00900-KES-SAB (HC), 2026 WL 381022 (E.D. Cal. Feb. 11, 2026) (same).

Petitioner has moved for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the

likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). In light of the Court's conclusion that Petitioner is entitled to habeas relief, the Court will deny Petitioner's motion for appointment of counsel.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondents be directed to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

Further, Petitioner's motion for appointment of counsel (ECF No. 3) is DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 29, 2026**

_____

STANLEY A. BOONE
United States Magistrate Judge

3